DANIEL BENÍTEZ, c/p DANNY, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. LUIS R. APELLÁNIZ, JUEZ, demandado.

*Número:* O-74-20    *Resuelto:* 9 de octubre de 1974

602

*Jorge R. Díaz Aquino,* abogado del peticionario; *Myriam Naveira de Rodón, Procuradora General,* y *Justo Gorbea Varona, Procurador General Auxiliar,* abogados del interventor.

PER CURIAM: El 31 de julio de 1972 se alega ocurrieron ciertos hechos que dieron lugar a que el 18 de junio de 1973, el peticionario fuera acusado de infringir la Ley de Sustancias Controladas. La declaración jurada del agente, que se alega que estuvo presente en la transacción que dio margen a la acusación, lee así:

"Que el día 31 de julio de 1972 trabajaba en calidad de agente encubierto de la División de Drogas y Narcóticos de la Policía de Puerto Rico realizando investigaciones relacionadas con el tráfico ilegal de drogas. Que ese día a eso de las 11:10 a.m. acompañado de un confidente llegué frente a la cancha de baloncesto de la Urb. Villa Carolina, y después de estacionar el auto en el Area de Estacionamiento de dicha cancha, el confidente y yo nos bajamos del mismo y nos dirigimos hacia un grupo de sujetos que estaban jugando baloncesto. Que el confidente llamó a uno de los sujetos que estaba dentro de la cancha y al éste acercarse a nosotros, el confidente lo saludó y le preguntó que si había pasto (Marihuana). Que dicho sujeto dijo: 'Aquí el único que tiene pasto es Danny, pero está en su casa.'

Que yo le pregunté a dicho sujeto que si nos podía llevar a la casa de Danny, y dicho sujeto aceptó. Que yo le indiqué a dicho sujeto el sitio donde yo tenía mi auto estacionado, y éste me dijo: 'Vámonos a pie, que es aquí cerca.' Que nos dirigimos a una casa que está ubicada en la Calle 24 esquina Central Boulevard, al lado del parque, y al llegar frente a dicha casa, el sujeto que nos acompañaba llamó por el nombre de Danny a alguien de la casa. Que momentos después salió al balcón un sujeto, quien desde el balcón le preguntó al sujeto que nos acompañaba, qué era lo que pasaba. El sujeto que nos acompañaba le dijo al individuo que se encontraba en el balcón: 'Mira Danny, estos panas están buscando yerba y yo les dije que el único que tenía eras tú.' Que el sujeto c/p Danny nos dijo: 'Lo único que me quedan son cinco tabacos y a menos de a $1.00 no los doy' (Refiriéndose a cigarillos de Marihuana). Yo le dije que estaba bien, que yo se los capiaba (compraba), y Danny fue al interior de la casa y al poco rato salió nuevamente al balcón y me dijo: 'Dame los $5.00.' Que yo procedía a entregarle $5.00 a Danny, y éste se metió la mano al bolsillo derecho del pantalón, de donde sacó una envoltura de papel de servilletas, color amarillo, a manera de sobre y me la entregó por entre las rejas. Que yo procedía a quitar el tape que sellaba la envoltura y comprobé que dicha envoltura contenía 5 cigarrillos de supuesta Marihuana en envoltura de papel blanco. Que yo procedía a despedirme de Danny y del otro sujeto, y acompañado del confidente me retiré del lugar."

El 28 de septiembre de 1973 la defensa solicitó del Tribunal Superior, que ordenara al fiscal le diera la siguiente información:

"Nombre y dirección de todas las personas presentes al momento de ocurrir la supuesta transacción que motivó los casos de epígrafe."

A dicha petición, el tribunal de instancia, mediante Resolución dictada el 11 de octubre de 1973, concluyó en parte lo siguiente:

"Coincidimos con el acusado en que el confidente en este caso es de carácter *participante*. La regla general en materia de confidentes es que, por razón de orden público, los tribunales reconocen el privilegio del Estado de no divulgar la identidad

del confidente; sin embargo, la jurisprudencia ha reconocido una excepción a la mencionada regla que ha sido llamada la del 'confidente-participante'. Pero la regla de excepción no opera por el mero hecho de que se clasifique al informante como 'confidente-participante'; es indispensable además que la identidad del confidente, o del contenido de su comunicación, sea relevante y de ayuda para la defensa del acusado,[1] o esencial para una determinación justa de la causa; aún así, el Tribunal deberá pesar y balancear a la luz de los méritos de cada caso los derechos del acusado a un juicio justo y la justicia para con la sociedad y para con su interés en que se cumplan las leyes. (*Pueblo* v. *López Rivera,* 91 D.P.R. 693).

La única prueba sometida por el acusado en este caso es el Ex. A (declaración jurada del agente Hernández); el acusado no ha demostrado en esta etapa del proceso que el nombre y dirección del confidente sea prueba relevante, necesaria o indispensable para su defensa; observamos que en el momento de la alegada transacción el acusado no se encontraba solo con el informante ya que también se encontraba presente el agente Noemí Hernández; se rechaza la solicitud del acusado para que se le informe el nombre y dirección del confidente."

El peticionario señala como error, en la presente petición de *certiorari,* el que se rechazara la solicitud para que se le diera el nombre y dirección de las personas presentes al ocurrir la supuesta transacción.

No surge de la Resolución del tribunal de instancia que se le diera el nombre y la dirección del "sujeto" (2) que se alega llevó al agente y al confidente donde el apelante. Erró el tribunal al no ordenarle al fiscal que dijera el nombre y la dirección de dicho "sujeto" ya que el "derecho a obtener la comparecencia compulsoria de testigos está íntimamente relacionado con el debido procedimiento de ley, y ha sido reconocido y mantenido por este Tribunal desde mucho antes de la vigencia

---

[1] El 26 de octubre de 1973, el acusado notificó que su defensa sería una de coartada. El 7 de noviembre del mismo año, notificó que el único testigo para dicha defensa sería el propio acusado.

(2) Así lo denomina el agente encubierto en su declaración jurada, *supra.*

del actual sistema constitucional." *Pueblo* v. *Acosta Escobar*, 101 D.P.R. 886 (1974).

En cuanto al confidente, actuó correctamente el tribunal al denegar la solicitud para que se informara la identidad del confidente. Concluye el tribunal que se trataba aquí de un participante, pero que no se había demostrado que el nombre y dirección del confidente fuera prueba relevante y necesaria para la defensa del aquí peticionario. Coincidimos con el tribunal en que el confidente fue participante pues como resolvimos en *Pueblo* v. *López Rivera*, 91 D.P.R. 693 (1965), "el confidente participante, como el término indica, es uno que participa, que toma parte en la transacción delictiva."

Ahora debemos determinar si siendo el confidente uno participante, ". . . la divulgación de la identidad del confidente, o del contenido de su comunicación, es relevante y de ayuda para la defensa del acusado . . .",(3) de manera que deba ceder el "privilegio del confidente".

Concluimos que no hay que divulgar en el presente caso el nombre y la dirección del confidente participante, pues durante el juicio tendrá la oportunidad de contrainterrogar al agente encubierto y al "sujeto" (que estamos ordenando que se le dé su nombre y dirección), para fortalecer su defensa. Además, habiendo anunciado el peticionario una defensa de coartada, para la cual él será el único testigo, no necesita interrogar al confidente. El "sujeto", según la declaración jurada, es alguien que se hallaba jugando en la cancha de la urbanización del peticionario y fue el que realmente suplió la información que llevó al agente hasta el peticionario. No fue a través del confidente que se llegó al peticionario, sino a través de dicho agente.

*Se revoca la Resolución recurrida y se ordena al Estado que informe al peticionario el nombre y dirección de la persona que llevó al agente encubierto a la casa del mencionado peticionario.*

---

(3)*Pueblo* v. *López Rivera*, supra.

El Juez Asociado, Señor Díaz Cruz, concurre con el resultado en voto particular separado. El Juez Asociado, Señor Irizarry Yunqué, concurre en parte y disiente en parte en voto explicativo separado, con el cual concurre el Juez Asociado, Señor Martín. El Juez Asociado, Señor Dávila, disintió.

—O—

Voto particular del Juez Asociado Señor Díaz Cruz

San Juan, Puerto Rico, a 9 de octubre de 1974

Estoy conforme con el resultado, y ahí termina mi concurrencia en este caso.

Tenemos seria objeción al siguiente texto a la página 5 de la opinión *per curiam* circulada:

"Concluimos que no hay que divulgar en el presente caso el nombre y la dirección del confidente participante, pues durante el juicio tendrá la oportunidad de contrainterrogar al agente encubierto y al 'sujeto' (que estamos ordenando que se le dé su nombre y dirección), para fortalecer su defensa."

Al así generalizar se anula toda la doctrina jurídica que en determinadas circunstancias obliga la comparecencia del confidente en juicio precisamente para comprobar o rectificar la veracidad del agente encubierto. Una alternativa sería anteponer la frase: "en esta etapa del procedimiento."

Hay igual objeción al siguiente lenguaje: "Además, habiendo anunciado el peticionario una defensa de coartada, para la cual él será el único testigo, no necesita interrogar al confidente." El *dictum* restrinje indebidamente el ámbito de la defensa de coartada negándole el testimonio del confidente que teóricamente podría sostener esa defensa excluyendo la presencia del acusado en el lugar de la transacción.

La última oración en el párrafo de referencia expresa que "No fue a través del confidente que se llegó al peticionario, sino a través de dicho agente." Así dicho tiene el efecto de desvirtuar la realidad de que en este caso hubo un confidente

participante. Este fue el puente de confianza que movió al baloncelista a conducirlos a la casa del acusado, por lo que *sí fue* a través del confidente que se llegó al peticionario.

Las secciones objetadas son esencialmente *dicta* que deben eliminarse pues es sabido que su espectro tiende a aparecer en futuros planteamientos, para tormento del autor.

—O—

Voto particular del Juez Asociado Señor Irizarry Yunqué concurriendo en parte y disintiendo en parte con el cual concurre el Juez Asociado Señor Martín

San Juan, Puerto Rico, a 9 de octubre de 1974

Estoy de acuerdo en que la resolución del tribunal recurrido debe ser revocada, pero entiendo que no hay razón que justifique limitar la orden a que se informen al acusado únicamente el nombre y la dirección del baloncelista que conforme a la declaración del agente le acompañaba cuando se hizo la alegada transacción. El nombre y dirección del llamado confidente también deben suministrarse al acusado.

No hay duda de que en este caso el confidente no fue un mero informante. La transacción se inició al establecerse contacto directo con el baloncelista y terminó al localizarse al nombrado Danny y efectuarse la compraventa de los cigarrillos de marihuana. De principio a fin el confidente estuvo presente. No puede decirse, por tanto, que no fue partícipe en la transacción, y así lo reconocen tanto la resolución del tribunal a quo como la opinión *per curiam* de este caso.

Si el confidente participa, pierde virtualidad el privilegio del Estado de no divulgar su identidad. *Pueblo* v. *López Rivera*, 91 D.P.R. 693 (1965). La razón dada por el tribunal recurrido para negarse a ordenar que se diera la información solicitada por el acusado me parece írrita. Dijo en su resolución que es indispenable "que la identidad del confidente, o del [*sic*] contenido de su declaración sea relevante [*sic*] y

de ayuda para la defensa del acusado, o esencial para una determinación justa de la causa."

Si conforme concluyó el tribunal recurrido el confidente participó en la transacción, no veo cómo pueda sostenerse que su testimonio no sea pertinente a la cuestión envuelta. Si su declaración podría o no ser de ayuda para el acusado no podría saberlo éste hasta tener la oportunidad de entrevistarlo.

Es parte del debido proceso de ley el principio de que el acusado se presume inocente. Constitución del Estado Libre Asociado de Puerto Rico, Art. II, Sec. 11. Sería a mi juicio contravenir ese mandato constitucional si se requiriese del acusado, como condición para acceder a su solicitud de que se cite a un testigo, que pruebe que su testimonio le ha de ser favorable, cuando se le priva del derecho de saber el nombre y dirección de ese testigo y por tanto de investigarlo.

El hecho de que el acusado en esta causa anunciara la defensa de coartada no puede tomarse como base para negarle su solicitud. Sin duda que se reforzaría su defensa, y probablemente obligaría a su absolución, si el confidente, al prestar testimonio, negara los hechos relatados por el agente. El tribunal recurrido no puede partir de la base de que el confidente sostendrá la versión del agente. No existe presunción de ley alguna que tal cosa permita.